```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

THELMA J. HAMMOND                                           PLAINTIFF

VERSUS                              CIVIL ACTION NO. 5:06CV3-DCB-JMR

ISLE OF CAPRI CASINOS, INC.,
THYSSENKRUPP ELEVATOR CORP. f/k/a
DOVER ELEVATOR CORP., THYSSENKRUPP
ELEVATOR MANUFACTURING, INC., and
JOHN DOES 1-10                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Thelma J. Hammond's Motion to Remand [**docket entry no. 2**]. Having reviewed the Motion, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

### FACTS AND PROCEDURAL HISTORY

Thelma J. Hammond was a guest at one of defendant Isle of Capri Casinos, Inc.'s (hereinafter "Isle of Capri") hotels. She maintains that as she was entering an elevator in the hotel, the elevator door closed on her forearm, retracted, and then violently slammed the entire right side of her body. She brought the current action in the Circuit Court of Adams County on June 7, 2005, against both the Isle of Capri, ThyssenKrupp Elevator Corporation and ThyssenKrupp Elevator Manufacturing (collectively "ThyssenKrupp").

On January 6, 2006, ThyssenKrupp, which is both incorporated and domiciled in states other than Mississippi, removed the action to this Court on the basis of diversity jurisdiction. Both the

plaintiff and the Isle of Capri, however, are considered Mississippi citizens for the purpose of diversity jurisdiction. Despite the lack of diversity between the plaintiff and one of the defendants, ThyssenKrupp maintains that removal is proper because the Isle of Capri was improperly or fraudulently joined.

**DISCUSSION**

I.  Standard for Diversity Jurisdiction

Federal courts are courts of limited jurisdiction. Removing defendants bear the burden of establishing federal subject matter jurisdiction. See Pullman Co. v. Jenkins, 305 U.S. 534, 540 (1939) Carson v. Dunham, 121 U.S. 421, 425-26 (1887); Jernigan v. Ashland Oil Co., 989 F.2d 812, 815 (5th Cir. 1993); Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 253-54 (5th Cir. 1961). "Only state-court actions that could have originally been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, where there is no federal question basis for jurisdiction, as in this case, the defendant bears the burden of showing that diversity jurisdiction exists. Pursuant to 28 U.S.C. § 1332, federal courts have subject matter jurisdiction over cases where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

II.  Is Isle of Capri improperly joined?

In order for a federal court to entertain subject matter jurisdiction under the rubric of "diversity jurisdiction", there must be "complete diversity" between the opposing parties.  See Strawbridge v. Curtiss, 3 Cranch 267, 2 L. Ed. 435 (1806).  In this case, the plaintiff is a citizen of Mississippi.  While ThyssenKrupp is not a citizen of Mississippi, defendant Isle of Capri is.  In its notice of removal, however, ThyssenKrupp asserts that the Isle of Capri's citizenship should not bar removal of this action because that company was fraudulently joined.

The removing party bears the burden of establishing that the non-diverse defendant was fraudulently or improperly joined.[1]

---

[1] In Smallwood v. Illinois Central Railroad Company, 385 F.3d 568, 571 (5th Cir. 2004), the Fifth Circuit Court of Appeals stated that the term "improper joinder" should be used rather than the term "fraudulent joinder".  Despite this instruction, the Fifth Circuit has since used the term "fraudulent joinder" with alacrity.  See, e.g., Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006) ("Fraudulent joinder can be established by either (1) actual fraud in the pleading or jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.") (internal quotation and citation omitted); Berry v. Hardwick, 152 Fed. Appx. 371, 374 (5th Cir. 2005) (using term "fraudulent joinder" not "improper joinder").  But see McDonal v. Abbott Laboratories, 408 F.3d 177, 180 n.1 (5th Cir. 2005) ("This circuit has adopted the term 'improper joinder,' rather than 'fraudulent joinder.'  While there is no substantive difference between the two terms, the phraseology 'improper joinder' is preferred.").
  Because pre-Smallwood cases in this circuit refer mainly to "fraudulent joinder" and not "improper joinder," it is sometimes unavoidable that the former (and now disfavored) term is used in this Court's opinions.  However, the Court will endeavor to comply with the Fifth Circuit's instructions and utilize the semantically

Carriere v. Sears, Roebuck & Co., 893 F.2d 98, 100 (5th Cir. 1990). Improper joinder is found when "[a]fter all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party, . . . that party [retains the] possibility of recovery against the party whose joinder is questioned." Id. See also Travis v. Irby, 326 F.3d 644 (5th Cir. 2003) (stating that although some courts have found fraudulent joinder only where there is absolutely no possibility of recovery against the non-diverse defendant, the correct standard for determining whether a party has been fraudulently joined is whether there is any reasonable possibility of recovery). In Travis, the court also instructed that a district court may "pierce the pleadings" and consider summary-judgment type evidence to determine whether a party has been improperly joined. Id. at 648-49. Ultimately, "[t]he burden of persuasion on those who claim fraudulent joinder is a heavy one." Id. at 649.

Thus, the Court must determine whether Hammond has any reasonable possibility of recovery against the Isle of Capri in order to determine whether that company is a proper party to this action. In her complaint, Hammond asserts that the defendants, including the Isle of Capri, "were negligent by [1] failing to provide adequate maintenance and care over the subject elevator, by [2] failing to take or implement reasonable measures for the

---

preferred term whenever possible.

personal safety of Plaintiff, by [3] failing to warn Plaintiff of the foreseeable harm that she suffered, and by [4] failing to reasonably inspect and make safe the subject elevator from the foreseeable harm suffered by Plaintiff." Compl., ¶19.

ThyssenKrupp maintains that, under the service contract it holds with the Isle of Capri, it is solely responsible for the maintenance and care of the elevators. Thus, ThyssenKrupp contends that the Isle of Capri cannot be held liable under any theory asserted by plaintiff inasmuch as Hammond allegedly admitted during her deposition that she had no evidence indicating that the Isle of Capri should have known that a problem existed with the elevator. See Response to Motion to Remand, at 2-3 (citing Depo. of Thelma Hammond, pp. 116-18, 280-82). It is theorized by the defendant that the "Isle of Capri had no means of servicing or maintaining the subject elevator except through the actions of Defendant ThyssenKrupp" and, thus, because Hammond has no evidence that the Isle of Capri knew of a problem with the elevator no recovery against the resident defendant is possible.

As noted by the plaintiff, however, the Isle of Capri admits that it had the responsibility to notify ThyssenKrupp of any problems with the elevator. See Memo. in Support of Motion to Remand, at 5. Thus, there is no question that Isle of Capri maintained some responsibility over the device. ThyssenKrupp has produced nothing in its pleadings which would foreclose the

possibility that the plaintiff can recover, at least on some of her claims, against the resident defendant.  ThyssenKrupp attempts to subvert isolated statements by Hammond during her deposition concerning the theory of her case, one which involves complicated legal theories such as joint and several liability, premise liability, product liability, breach of warranty, res ipsa loquitor and others.  The Court gives what weight such an attempt deserves, and finds that ThyssenKrupp has not proven that the plaintiff cannot maintain any of her alleged claims against the Isle of Capri.

Moreover, discovery in this matter is still ongoing.  As that process is pursued, it is possible that the plaintiff will garner further evidence to support her claims against the Isle of Capri.[2]  At this stage of the litigation, however, Hammond does not bear the burden to <u>prove</u> her claims against the Isle of Capri in order to challenge ThyssenKrupp's removal.  Rather, it is <u>ThyssenKrupp's</u> burden to demonstrate that the plaintiff cannot maintain <u>any</u> of her claims against the resident defendant.  The Court again finds that such showing has not been made in this case.  Therefore, the Isle of Capri was not improperly joined and, thus, complete diversity does not exist in this case.  This action will be remanded to the

---

[2] According to the plaintiff, there have been no depositions taken beyond Hammond's.  There has also been no inspection of the premises yet and no expert designations.  Thus, there is a substantial amount of discovery left to be completed in this case.

Circuit Court of Adams County.

## CONCLUSION

Based on the reasoning and authority set forth above, the Court finds that this action should be remanded to the state court from whence it came. Accordingly,

IT IS HEREBY ORDERED that the plaintiff's Motion to Remand [**docket entry no. 2**] is **GRANTED** inasmuch as the Court lacks subject matter jurisdiction over this action. A final order of remand shall be entered remanding this case to the Circuit Court of Adams County, Mississippi.

SO ORDERED, this the 26th day of April, 2006.

                                         S/DAVID BRAMLETTE
                                         UNITED STATES DISTRICT JUDGE